**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**GILBERTO EDWARDS**

                    **Petitioner,**

  - against -

**UNITED STATES OF AMERICA,**

                    **Respondent.**

-------------------------------------------------------x

**OPINION & ORDER**

**05 CV 0017 (NG)**

**GERSHON, United States District Judge:**

Petitioner moves, pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Civil Procedure, to vacate his 235 month sentence for conspiracy to import cocaine, imposed on July 12, 2002, and for a new trial. In a January 7, 2005 Order, I dismissed petitioner's claims based on *Blakely v. Washingon*, 542 U.S. ----, 124 S.Ct. 2531 (2004), and deferred decision on petitioner's remaining claim, which was based on allegedly newly discovered evidence. A second claim was later added orally by petitioner's counsel at a January 19, 2005 status conference. Though *Blakely's* impact on petitioner's case has been superceded by the Supreme Court's decision in *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738 (2005), the outcome of that case does not alter my decision to dismiss petitioner's *Blakely* claim, since *Booker* is not retroactive on collateral review. *See Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005).

For the reasons described below, petitioner's remaining claims are rejected.

1

**BACKGROUND**

Petitioner was convicted by a jury of violation of 21 U.S.C. § 963 (conspiracy to import cocaine) on March 27, 2001. The evidence at trial established that petitioner conspired with others to transport cocaine to New York from Haiti. Two of petitioner's co-conspirators, Angela Rivers and Tanya Thomas, testified against petitioner at his trial, implicating him as a leader of a drug smuggling operation.

On December 12, 2001, petitioner moved for a new trial pursuant to Rule 33, or in the alternative, for a writ of habeas corpus, on the basis of newly discovered evidence. That evidence was an affidavit signed by an individual named Christopher Reese, also known as Christopher Thomas. Reese's affidavit stated that Thomas had told him that she intended to falsely implicate petitioner in the drug conspiracy and that Rivera had told him that she did not know petitioner prior to her apprehension for drug smuggling. Reese alleged that these conversations took place between February 2000 and May 2001. The affidavit further indicated that Reese had tape recorded some of the conversations with Thomas and Rivera that would support his accusations. However, in January of 2002, petitioner's attorney, Barry Schulman, Esq., conveyed to the court that Reese was not actually in possession of the tapes. Rather, according to Schulman's January 24, 2002 affirmation, the tapes referred to in the affidavit were in the custody of the Bureau of Prisons ("BOP"), as they were made pursuant to an official BOP policy of recording inmate conversations. Petitioner and his counsel thus requested the assistance of the government in securing the tapes. In a May 12, 2002 letter, the government advised that all BOP recordings from the period in question had been destroyed pursuant to BOP policy of periodically destroying such tapes.

On April 11, 2002, Reese was indicted in the Eastern District of New York for wire fraud and conspiracy to commit wire fraud and was arraigned before then District Judge Reena Raggi on April 24, 2002. In an April 30, 2002 letter to the court, Reese stated that he would invoke his right against self-incrimination if he were called to testify in relation to petitioner's motion for a new trial.[1] Reese asserted his belief that the charges against him were retaliatory in nature, in that they arose from his submission of the affidavit in petitioner's case and his similar testimony in a different case.

At a May 15, 2002 conference before me, petitioner's counsel stated that no tapes could be produced by the BOP or by Reese and that Reese would assert his Fifth Amendment right against self-incrimination if called to testify. Counsel indicated that Reese would testify only after he had secured a plea agreement and that he was considering moving to compel the government to give Reese immunity from further prosecution for anything stemming from his testimony in relation to petitioner's case.

I denied the motion for a new trial as lacking any basis, without prejudice to petitioner bringing it again if he could produce proof of his claims. Petitioner was subsequently sentenced to a term of 235 months. Petitioner's conviction was affirmed in *United States v. Edwards*, 342 F.3d 168 (2d Cir. 2003). He did not appeal the denial of his Rule 33 motion, nor did he appeal his sentence.

---

[1] Reese subsequently pled guilty to nine counts on August 18, 2002 and was sentenced to 115 months of imprisonment on June 20, 2003 by Judge John Gleeson.

**DISCUSSION**

A. **Motion for a New Trial – Timeliness**

Respondent contends that petitioner's motion for a new trial is untimely, pursuant to Fed. R. Crim. P. 33(b)(1), which states that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Since the verdict in petitioner's case was returned on March 27, 2001, the time bar imposed by Rule 33 was effective after March 27, 2004. Petitioner's motion is dated October 4, 2004.

Petitioner argues that this motion, in reality, is a motion to amend petitioner's December 12, 2001 submission, and thus is not subject to time-bar under Rule 33.[2] Petitioner is incorrect. In support of his position, petitioner cites *Ellzey v. United States*, 324 F.3d 521, 526-27 (7th Cir. 2003). In *Ellzey*, the petitioner filed a Section 2255 petition that lacked detailed argument or facts and stated only that his lawyer had furnished ineffective assistance of counsel and that he intended to challenge his conviction on this basis in a more detailed submission that he would provide "within 30 days." *See id.* The district judge allowed the second submission as an amendment to the timely filed "skeletal document." *Id.* The Seventh Circuit affirmed this determination, ruling that amendments to timely filed habeas corpus petitions do not constitute successive petitions. *Id*.

Unlike the motion in *Ellzey*, petitioner's motion was denied prior to the submission of the alleged "amendments." *See Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001); *Johnson v. United States*, 196 F.3d 802 (7th Cir. 1999). Here, in contrast to *Ellzey*, I denied the original motion after extended proceedings because of petitioner's failure to actually produce the newly

---

[2] Insofar as petitioner labeled his prior application a Section 2255 motion as well as a Rule 33 motion, it was a nullity, because a judgment of conviction had not been entered. *See* Tr. of Jan. 19, 2005 at 9-10.

discovered evidence that was the basis of his motion. That the ruling was "without prejudice" does not render any subsequent submission an amendment to the original motion. The applicable statute of limitations is not negated, nor is petitioner given carte blanche to delay filing a motion for a new trial *ad infinitum*. *Cf. Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996) ("Where the action has been dismissed without prejudice, a plaintiff's subsequent court filing is vulnerable to a time-bar because the dismissal in and of itself does not halt the running of the limitations period").

Petitioner's Rule 33 motion for a new trial is dismissed as time-barred. This court has no jurisdiction to extend the Rule 33 deadline. *See* Fed. R. Crim. P. 45(b)(2) ("The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules"); Fed. R. Crim. P. 33(b)(1).

### B. Section 2255 Motion

#### 1. *Timeliness*

Petitioner's Section 2255 motion was timely filed, under AEDPA, within one year of the date petitioner's conviction became final, November 26, 2003. *See* 28 U.S.C. § 2255. However, respondent argues that petitioner's claim seeking a new trial is time-barred, as the original petition, filed October 4, 2004, challenged only the enhancements to petitioner's sentence and not the verdict. Petitioner's claim seeking a new trial, as part of his Section 2255 petition, arises from an oral amendment made by petitioner's counsel at a January 19, 2005 status conference before me, and thus came after the expiration of the one-year statute of limitations. It was made in an effort to avoid the three-year limit for motions based on newly

5

discovered evidence, just discussed. An amendment to a Section 2255 petition that comes after the expiration of the limitations period is not untimely if the amendment "relates back" to the original petition. *See* Fed. R. Civ. P. 15(c).[3] Under Rule 15(c)(2), an amendment relates back to the original petition if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Though respondent urges that petitioner's amended claim attacking the verdict does not relate back to the original claim attacking the sentence, I find this too narrow a reading of Rule 15, and thus I find that petitioner's Section 2255 claim attacking the verdict is timely.

2. *Merits*

The issue then is the merits of petitioner's claim that newly discovered evidence invalidates his conviction or sentence. Petitioner fails to articulate a constitutional deprivation cognizable under Section 2255 relating to his claim of newly discovered evidence. This in itself is sufficient basis to deny the habeas corpus petition. Assuming his claim is one of actual innocence based on newly discovered evidence, this cannot constitute a basis for relief under Section 2255, absent an allegation of some constitutional error. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *United States v. Quinones*, 313 F.3d 49, 67 (2d Cir. 2002) (quoting *Herrera*, 506 U.S. at 404); *Bravo v. Coture*, (E.D.N.Y. 2003)

---

[3]A motion to amend a Section 2255 petition is governed by Fed. R. Civ. P. 15. *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002).

("Habeas corpus review does not extend to 'freestanding claims of actual innocence.'") (quoting *Herrera*, 506 U.S. at 404) (Weinstein, J.).[4]

In any event, petitioner's claim is premised exclusively on the new affidavit and anticipated testimony of Christopher Reese. The "new" affidavit's assertions are similar to those in the Reese affidavit offered before petitioner's sentencing, although, without explanation, Reese no longer claims to know that Angela Rivers' testimony was perjurious. Even assuming that Reese is now willing to testify that both Angela Rivers and Tanya Thomas told him that they intended to perjuriously implicate petitioner at his trial, it would be insufficient to justify vacating petitioner's conviction or his sentence.

The court will assume that hearsay testimony is admissible at a hearing to determine if granting a petition is justified. *See Schlup v. Delo*, 513 U.S. 298 (1995) ("In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either

---

[4] In *Herrera*, the Court rejected the petitioner's assertion that "that this case is different because he has been sentenced to death," holding "we have 'refused to hold that the fact that a death sentence has been imposed requires a different standard of review on federal habeas corpus.'" *Herrera*, 506 U.S. at 405 (quoting *Murray v. Giarratano*, 492 U.S. 1, 9 (1989)). However, after rejecting the petitioner's claim, the court stated "[w]e may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim. But because of the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold showing for such an assumed right would necessarily be extraordinarily high." *Id.* at 417. Some courts in other Circuits have read this language as an indirect validation of the possibility for freestanding actual innocence claims where a petitioner faced capital punishment. *See*, *e.g.*, *Boyd v. Brown*, 404 F.3d 1159, 1168 (9th Cir. 2005) (capital prisoner's "argument is therefore a 'freestanding' actual innocence claim . . . . The standard for establishing such a claim on habeas review is 'extraordinarily high.'") (internal citations omitted). However, the Eighth Amendment concerns that underlie these cases and the Supreme Court's dicta in *Herrera* are not present in the instant case, and thus the court need not examine whether petitioner has made the theoretical "extraordinarily high" showing of innocence.

excluded or unavailable at trial."). However, the probative force of Reese's assertions, even if sworn to at a hearing, would be an insufficient basis for relief. Not only is Reese currently serving a ten year sentence for wire fraud, but he has attempted to offer testimony similar to that he proffers here in numerous other proceedings in this district.[5] The sheer number of times that Reese has allegedly become aware of perjury by government witnesses undermines his credibility. In addition, Reese's credibility is undermined by his history of involvement in this case. No explanation has been offered as to how Reese could have believed that his testimony as to Rivera's and Thomas's testimony would have implicated him in his own trial, unless it was Reese's intent to perjure himself and thereby subject himself to further criminal proceedings. The court rejects petitioner's speculative assertion that Reese now "has nothing to gain" by committing perjury in this case, simply because he has already been incarcerated for wire fraud. Though the court declines to engage in an exhaustive examination of possible motivations for offering perjurious testimony, it must be noted that pecuniary gain, friendship, and intent to harm others are always possibilities that are not foreclosed simply because an individual is in prison. Finally, the initial representations to this court that Reese had tape-recorded his alleged conversations with Rivera and Thomas proved false. Under all of these circumstances, the Reese affidavit and his proffered testimony are insufficient bases to grant habeas corpus relief.

---

[5] As the Government detailed in its December 19, 2001 Memorandum in opposition to petitioner's motion for a new trial, Reese has testified or attempted to testify in at least seven different cases in the Eastern District, including the instant case. In each of the cases in which Reese actually testified, he claimed that a cooperating witness had admitted to him that the witness's testimony against the defendant had been fabricated. *See, e.g., United States v. Henry*, 47 F.3d 17, 20 (2d Cir. 1995) ("Reese testified that he once shared a cell with Lee, and that Lee admitted to Reese that he had fabricated testimony against Henry in order to obtain favorable treatment for himself."); *United States v. Williams*, No. 99-1124, 1999 WL 1022491 at *1 (2d Cir. Oct. 25, 1999) (defendant claimed that a witness "stated to a fellow inmate, Christopher Reese, that Jeffers intended to implicate someone falsely in the case.").

## CONCLUSION

For the foregoing reasons, the Section 2255 motion for a writ of habeas corpus and the Rule 33 motion for a new trial are denied. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**

_____/s/_____

**Nina Gershon**
**United States District Judge**

**Dated: June 27, 2005**
      **Brooklyn, New York**